### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.    LARRY WAYNE VAN SCHUYVER, ) | |
|                                                  ) | |
| 2.    GEN. PAUL D. COSTILOW,               ) | |
|                                                  ) | |
|               Plaintiffs,                        ) | |
| v.                                                 ) | No. CIV-22-663-SLP |
|                                                 ) | |
| 1.    KEVIN STITT, in his individual capacity    ) | First Amendment Claim |
|                                                 ) | |
|               Defendant.                    ) | JURY TRIAL DEMANDED |

### COMPLAINT

**COMES NOW THE PLAINTIFFS**, and for their cause of action herein allege and state as follows:

### PARTIES

1. The Plaintiffs are

    A. Retired Master Chief Larry Wayne Van Schuyver, a resident of Oklahoma County, Oklahoma, and the Chairman of the Oklahoma Veteran's Commission, and

    B. Retired General Paul D. Costilow, a resident of Canadian County, Oklahoma, and the Vice Chairman of the Oklahoma Veteran's Commission.

2. The Defendant is Kevin Stitt, the Governor of the State of Oklahoma, who is sued in his individual capacity.

### JURISDICTION AND VENUE

3. This is a cause of action for injury to Plaintiffs' First Amendment right by a government official which is made actionable by 42 U.S.C. § 1983. Jurisdiction is vested over such action pursuant to 28 U.S.C. §§ 1331,

       1343(a)(3).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendant may be served in that county. Oklahoma County is within the Western District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Mr. VanSchuyver is a Commissioner of the Oklahoma Veteran's Commission who was nominated for that position by the Military Order of the Purple Heart and was appointed to a three year term for that position by the Defendant in 2020. Such term has not yet expired. Mr. VanSchuyver serves as Chairman of the Oklahoma Veteran's Commission.

6. General Costilow is a Commissioner of the Oklahoma Veteran's Commission who was appointed to a three year term for that position by the Defendant in 2020. Such term has not yet expired. Mr. Costilow serves as Vice Chairman of the Oklahoma Veteran's Commission.

7. Joel Kintsel, the Executive Director of the Department of Veteran's Affairs decided to challenge Governor Stitt in the Republican primary for Governor, but he did not publicly announced his decision until the filing date of April 14, 2022.

8. In early February, 2022, the Governor's Chief of Staff Bond Payne called each of the Plaintiffs and said that he (Payne) needed to discuss with them regarding the Oklahoma Department of Veterans Affairs and Commission business. Mr. Payne set the meeting for February 16, 2022. The meeting took place at the Governor's conference room and during the meeting, Mr. Payne said 'Are you

    aware that Director Kintsel is going to run for Governor?' Both Plaintiffs said they had not heard that for sure, but they heard rumors to that effect. Mr. Payne asked who they heard the rumor from. Neither Plaintiff had a name and said they had merely heard gossip at the Capitol. Mr. Payne said that he knew for a fact that Mr. Kintsel was illegally soliciting campaign money at the State Capitol and then Payne asked if the Plaintiffs were aware that Deputy Director Sarah Lane was Kintsel's campaign manager. Plaintiff Van Schuyver said he found those rumors very hard to believe. Payne said it was our responsibility to hire and fire the director, and that Kintsel and Lane could not do their jobs if Kintsel was running for office. Payne further said it was very disrespectful for Kintsel and Lane to not support the Governor. Payne then reminded both Plaintiffs that they served at the pleasure of the Governor.

9. On February 25, 2022, a regular meeting of the Oklahoma Veteran's Commission was scheduled, but, due to inclement weather, there was not a quorum present. Mr. Payne called multiple times to find out when that meeting would take place. The meeting was reset for March 4, 2022. On Saturday morning, March 5, 2022, Mr. Payne called Plaintiff Van Schuyver and complained that the meeting on March 4 had been very unproductive, apparently in reference to the Commission not removing the director or assistant director. Plaintiff Van Schuyver said the meeting was very productive and Mr. Payne hung up the phone without responding.

10. Around the first of March, 2022, John Nash, the Governor's nominee for Secretary of the Veteran's Department, called Plaintiff Van Schuyver and asked to meet along with Plaintiff Costilow that same day. Plaintiff Costilow was not available to meet, but Plaintiff Van Schuyver agreed to meet with

Nash.  Plaintiff Van Schuyver met with Mr. Nash at the Braum's on Covell Road around 2:00 in the afternoon.  Nash immediately asked if Mr. Kintsel was a Democrat or a Republican.  Plaintiff Van Schuyver said that Kintsel was a Republican.  Nash then said, 'Well, we don't need to worry about Mr. Kintsel.'  Nash said, 'You know the Commission hires and fires the Director and Deput Director.'  Nash then asked who was going to run the Agency if Kintsel runs for Governor.  Nash was then told that the Deputy Director would take over.  Nash said the Director and Deputy Director were doing a bad job based on a five year old audit and that he (Nash) was there to 'clean up' the Agency.  Plaintiff Van Schuyver pointed out that neither the Director nor Deputy Director were around at the time of the audit and that they had resolved all of the audit issues since they were hired.  Nash responded that Plaintiff Van Schuyver served at the pleasure of the Governor.  Plaintiff Van Schuyver responded that he was appointed to represent the interests of veterans and not the Governor and that he (Van Schuyver) had heard that the Governor wanted to privatize the seven Veterans homes operated by the Department and that he (Van Schuyver) and the co-chair, General Costilow, were very strongly opposed to that idea.  Nash said that matter was above Van Schuyver's and General Costilow's paygrade.

11. In early April, Mr. Kintsel announced that he was having a press conference to take place around April 8, 2022.  On April 8, 2022, but prior to the press conference, an employee of the Governor called Plaintiff Van Schuyver and demanded to know where Van Schuyver was.  Mr. Van Schuyver asked why the employee was calling and she replied that there was a press conference with Mr. Kintsel announcing he was running against Governor Stitt.  Plaintiff

Van Schuyver stated that he was unaware of the press conference.

12. On April 14, 2022, Mr. Kintsel filed to run for Governor. Mr. Kintsel requested a leave of absence during his campaign, which the Commission unanimously granted.

13. A few days after the Commission approved Kintsel's leave of absence, Mr. Payne called on behalf of the Governor demanding to know why the Commission had granted a leave of absence.

14. At approximately this same as Kintsel was requesting and being granted leave from his job to campaign, Commissioner Mike Jackson was called by a friend and supporter of the Governor and asked if he (Mr. Jackson) supported the Governor. Mr. Jackson responded that he was supporting Mr. Kintsel. Thereafter, on or about April 22, 2022, Commissioner Jackson, and all those Commissioners who had voted to give Kintsel a leave during Kintsel's campaign, were advised they were being removed from their position on the Commission. The terms for those commissioners did not expire until July 1, 2022.

15. The Plaintiffs both decided to support Mr. Kintsel instead of Governor Stitt and made their support openly known on or about April 15, 2022. Such support was done by each of the Plaintiffs individually and not in or through their appointed position, however a significant factor in such decision was their opposition to the Governor's plan to privatize the Veterans' homes.

16. On or about May 11, 2022, the day of the Oklahoma State Senate Veteran's and Military Affairs Committee meeting to consider nominees to the Veteran's Commission, Nash stated to Plaintiff Van Schuyver that 'I see that Kintsel is running for Governor. You (referring to Plaintiff Van Schuyver) should be

cautious who you support, because you serve at the pleasure of the Governor.'

17. On or about June 2, 2022, Plaintiff Van Schuyver spoke to the Oklahoma Veterans Council, a group comprised of the leaders of all major veterans organizations in Oklahoma, and disclosed that Governor Stitt intended to privatize the Oklahoma Veteran's homes operated by the Veteran's Department. Plaintiff Van Schuyver told the Veterans Council that he opposed this plan because it would take management of veterans' care away from the most vulnerable Oklahoma veterans and both reduce the quality of service and increase the cost of service. In Plaintiff Van Schuyver's opinion, under the Governor's plan, about half of the Oklahoma veterans in the homes would not qualify to continue living there and would be kicked out on the street.

18. On or about June 30, 2022, Chris Bruehl, the Governor's Director of Appointments, orally informed the Plaintiffs that the Governor was removing them from their positions with the Oklahoma Veteran's Commission. John Nash, then Secretary of the Commission, sent an email to Deputy Director Lane stating that the two Plaintiffs had been removed by the Governor as Commissioners. This purported removal action was taken two days after the primary election where Governor Stitt won his primary campaign against Joel G. Kintsel.

19. On or about August 4, 2022, the Governor announced removal and replacement of the Plaintiffs, however the Governor did not follow the requirements of 72 O.S. § 63.2 which requires that the Governor make his appointment for the Military Order of the Purple Heart from a list of five names submitted by that organization.

20. Such removal of the Plaintiffs was based upon their political affiliation in supporting Joel Kintsel in his race for Governor against Defendant Stitt, and for their opposition to and reporting of Defendant Stitt's proposal to privatize the Oklahoma Veteran's homes operated by the Veteran's Department and their refusal to remove Joel Kintsel, Director of the Oklahoma Department of Veteran's Affairs and Sarah J. Lane, who is Assistant Director of the Oklahoma Department of Veteran's Affairs.

21. As the direct result of Defendant's actions, the Plaintiffs each suffered emotional distress for which they are entitled to compensation in the form of damages, or, if no actual damages are shown, Plaintiffs are entitled to nominal damages.

22. Because the actions of the Defendant were in willful or reckless violation of the Plaintiffs' constitutional rights, each Plaintiff is entitled to an award of punitive damages in an amount to be determined by the jury.

**WHEREFORE**, the Plaintiffs pray that they be awarded actual damages and punitive damages against the Defendant together with costs, interest, attorneys fees and such other appropriate remedies as allowed in law or equity.

**RESPECTFULLY SUBMITTED, THIS 5TH DAY OF AUGUST, 2022.**

s/ Mark Hammons
Hammons, Hurst & Assoc.
Mark Hammons, OBA No. 3784
325 Dean A. McGee
Oklahoma City, OK 73102
Telephone: (405) 236-6100
Facsimile: (405) 235-6111
Email: taylor@hammonslaw.com
*Counsel for Plaintiffs*